# In the Circuit Court of the State of Oregon

## For the County of Wasco

JOHN BELKNAP,                           )        Case No. 15CV30761

     Plaintiff,                         )

              v.                           )        **SUMMONS**

                       )

BERKSHIRE LIFE INSURANCE COMPANY        )
OF AMERICA,                             )

     Defendants.                       )

To:     **BERKSHIRE LIFE INSURANCE COMPANY**
        **C/O Corporation Service Company, Registered Agent**
        **1127 Broadway ST NE, STE 310**
        **Salem, OR 97301**

       You are hereby required to appear an defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

## NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "Appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing. fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

                                  **/s/   MICHAEL J. KNAPP**
                                  SIGNATURE of attorney

Michael J. Knapp, OSB No. 83394
Attorney at Law
621 SW Morrison, Suite 900
Portland, OR 97205   Telephone: (503) 222-6805

**STATE OF OREGON, County of Multnomah ss.**

       I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

                                _____
                                ATTORNEY OF RECORD FOR PLAINTIFF(S)

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.**

                                  **/s/   MICHAEL J. KNAPP**
                                  ATTORNEY FOR PLAINTIFF(S)

**PROOF OF SERVICE**

STATE OF _____, County of _____ ) ss.

      I hereby certify that I made service of the foregoing summons upon the individuals and other legal entities to be served, named below, be delivering or leaving true copies of the summons and the complaint mentioned therein, certified to be such by the attorney for the plaintiff, as follows:

**PERSONAL SERVICE UPON INDIVIDUAL**

Upon _____, by delivering such true copy

to _____, personally and in person, at

_____, at _____, ____. M.

**SUBSTITUTED SERVICE UPON INDIVIDUAL**

Upon _____, by delivering such true copy

to _____, personally and in person, at

_____, at _____, ____. M.

**SERVICE ON CORPORATION**

Upon _____, by delivering such true copy

to _____
(specify registered agent, officer (by title), director, managing agent, etc.) , personally and in person, at

_____, at _____, ____. M.

      I further certify that I am a competent person 18 years of age or older and a resident of the state of service of the State of _____ , and that I am not a party to nor an office, director or employee of, nor attorney for any party, corporate or otherwise; that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

DATED _____

_____
          SIGNATURE OF INDIVIDUAL

_____
          TYPE OR PRINT NAME

_____
             SHERIFF

By _____
               DEPUTY

1

2

3

4

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF WASCO

5

6

JOHN BELKNAP,

Case No. 15CV30761

7

Plaintiff,

**COMPLAINT**

8

v.

9

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

10

Defendants.

**(Breach of Insurance Contract,
Breach of Duty of Good Faith and
Fair Dealing, and Request for
Declaratory Relief)**

11

**AMOUNT OF PRAYER: $168,480
ORS 21.160(1)(c)**

12

13

**Claim Not Subject to Mandatory
Arbitration**

14

**Jury Trial Requested**

15

Plaintiff alleges as follows:

16

## I.    BACKGROUND INFORMATION

17

1.

18

At all material times, plaintiff was a resident of Wasco County, Oregon.

19

2.

20

Defendant Berkshire Life Insurance Company of America (hereinafter "Berkshire") is an

21

insurance company duly authorized to transact business in the state of Oregon.

22

3.

23

At all material times, plaintiff was covered by two disability insurance policies issued by

24

Berkshire. Berkshire assigned policy numbers Z0148340 and Z1743940 to these policies (hereinafter

25

"the Berkshire policies.")

26

Page 1 -     COMPLAINT - Breach of Insurance Contract, Breach of Duty of Good Faith and Fair Dealing,
            and Request for Declaratory Relief

MICHAEL J. KNAPP
ATTORNEY AT LAW
621 SW MORRISON STREET, SUITE 900
PORTLAND, OREGON 97205
(503)222-6508 • FAX (503) 222-6518 • mknapp@spiretech.com

4.

The Berkshire policies are specialty disability insurance policies that Berkshire issues exclusively to medical professionals. Both policies provide for payment of monthly disability insurance benefits if the insured is unable to perform the material and substantial duties of their "occupation" because of an injury. Both policies also state that:

> If your occupation is limited to a single medical specialty certified by the American Board of Medical Specialties or a single dental specialty recognized by the American Dental Association, we will deem your specialty to be your occupation.

5.

At all material times, plaintiff was employed as a medical doctor, he was board certified as a podiatrist, and he limited his practice to podiatry.

6.

On or about January 10, 2010, plaintiff severely injured the ring finger on his right hand in a motorcycle accident.

7.

As a result of this injury, plaintiff was unable to perform the material and substantial duties of his occupation as a podiatrist.

8.

Plaintiff submitted a claim for disability insurance benefits to Berkshire in February 2010.

9.

Berkshire reviewed plaintiff's claim for benefits, and determined that he was "totally disabled" under the terms of the Berkshire policies.

10.

In July 2010, Berkshire started paying plaintiff monthly disability benefits, and continued to pay plaintiff benefits until November 2013.

11.

On November 23, 2013, Berkshire representative Michael Palmiere sent a letter to plaintiff notifying him that Berkshire unilaterally decided to cut off his monthly disability benefits. Mr.

Page 2 - COMPLAINT - Breach of Insurance Contract, Breach of Duty of Good Faith and Fair Dealing, and Request for Declaratory Relief

MICHAEL J. KNAPP
ATTORNEY AT LAW
621 SW MORRISON STREET, SUITE 900
PORTLAND, OREGON 97205
(503)222-6508 ● FAX (503) 222-6518 ● mknapp@spiretech.com

EXHIBIT A
Page 4 of 12

Palmiere indicated in this letter that Berkshire had determined that plaintiff was no longer disabled from performing the material and substantial duties of a podiatrist, so he was no longer entitled to receive disability benefits under the terms of his Berkshire policies.

12.

On January 3, 2014, plaintiff's then attorney John Shaw sent a letter to Mr. Palmiere in which he asked for a copy of all of Berkshire's file records related to Berkshire's decision to terminate plaintiff's monthly disability benefits.

13.

On February 12, 2014, Mr. Palmiere sent Mr. Shaw a letter in which he provided notice that Berkshire was unwilling to provide copies of its records related to its decision to terminate plaintiff's benefits.

14.

On April 29, 2014, Mr. Shaw sent Mr. Palmiere a letter in which he questioned the reasons Berkshire cited for its decision to terminate plaintiff's benefits.

15.

On June 17, 2014, Mr. Palmiere sent Mr. Shaw a letter in which he reported that Berkshire had decided to stick with its decision to terminate plaintiff's benefits as of November 2013, but added that plaintiff had 180 days to "appeal our decision."

16.

On December 9, 2014, Mr. Shaw submitted plaintiff's appeal, and provided Berkshire additional information in support of plaintiff's claim for ongoing disability insurance benefits. This included plaintiff's updated medical records from C.T. Woolley, M.D., the doctor who performed surgery to repair the damage to plaintiff's finger, and reports prepared by two additional doctors who evaluated the current condition of plaintiff's injured finger, and the impact of the injury on his ability to perform the material and substantial duties of a podiatrist.

17.

On February 26, 2014, Mr. Palmiere sent Mr. Shaw a letter in which he said that Berkshire was initiating an appeal review process for plaintiff's claim, and that a different Berkshire

Page 3 -    COMPLAINT - Breach of Insurance Contract, Breach of Duty of Good Faith and Fair Dealing, and Request for Declaratory Relief
MICHAEL J. KNAPP
ATTORNEY AT LAW
621 SW MORRISON STREET, SUITE 900
PORTLAND, OREGON 97205
(503)222-6508 ● FAX (503) 222-6518 ● mknapp@spiretech.com

EXHIBIT A
Page 5 of 12

1 | representative was assigned to handle the appeal.

2 | 18.

3 | On March 17, 2015, Mr. Shaw sent Berkshire representative Charlene Blair a fax which

4 | included a written statement authorized by Dr. Woolley, in which Dr. Woolley stated in part:

> Dr. Belknap sustained a nonunion PIP joint condle fracture in 2010. The necrotic bone fragment was resected and a tissue arthroplasty and collateral ligament repair was accomplished in an attempt to preserve a stable joint and induce some tissue metaplasia. However, his PIP joint has developed more degeneration over time, which has reduced his ROM, grip strength and hand function coordination. Since 7/2010, his right hand has remained impaired, and has slowly developed a further reduction in ROM and strength.
> ...
>
> Dr. Belknap's impaired hand will not reliably allow him to perform complex physical exams on the feet or conduct fracture reductions and casting in the office. In the OR, he cannot consistently or painlessly operate drills and k-wire drivers to place hardware for fracture repair and joint fusion work, nor can he reliably manipulate joints and bones for correct positioning with his impaired hand.
>
> For musculoskeletal surgeons, procedures and surgery comprise the majority of their job duties. Therefore, Dr. Belknap cannot conduct the significant material and substantial portion of his job.

19.

On July 16, 2015, Ms. Blair sent Mr. Shaw a letter in which she reported that following an appeal review Berkshire decided to stick with its decision to cut off plaintiff's disability benefits as of November 2013, and that plaintiff's file with Berkshire is now closed.

## II. FIRST CLAIM FOR RELIEF
### Breach of Insurance Policy Contract

20.

Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, above.

21.

Plaintiff has remained disabled under the terms of the Berkshire policies since he injured his finger in January 2010.

Page 4 -    COMPLAINT - Breach of Insurance Contract, Breach of Duty of Good Faith and Fair Dealing, and Request for Declaratory Relief

MICHAEL J. KNAPP
ATTORNEY AT LAW
621 SW MORRISON STREET, SUITE 900
PORTLAND, OREGON 97205
(503)222-6508 ● FAX (503) 222-6518 ● mknapp@spiretech.com

22.

Berkshire wrongfully terminated plaintiff's disability benefits in November 2013, and has wrongfully refused to pay plaintiff monthly disability insurance benefits since that time.

23.

Berkshire has thereby breached the contracts of insurance set forth in the Berkshire policies.

24.

Berkshire policy Z1743940 provides for payment of a monthly disability benefit to plaintiff in the amount of $3,200.

25.

Plaintiff has therefore suffered monetary damages in the amount of $76,800 (24 months x $3,200 = $76,800) since November 2013 as a result of Berkshire's wrongful termination of his benefits under policy Z1743940.

26.

Plaintiff will continue to suffer damages in the future at the rate of $3,200 per month as long as Berkshire continues to refuse to provide plaintiff monthly disability benefits under policy Z1743940.

27.

Berkshire policy Z0148340 provides for payment of a monthly disability benefit to plaintiff in the amount of $3,820.

28.

Plaintiff has therefore suffered monetary damages in the amount of $91,680 (24 months x $3,820 = $91,680) since November 2013 as a result of Berkshire's wrongful termination of his benefits under policy Z0148340.

29.

Plaintiff will continue to suffer damages in the future at the rate of $3,820 per month as long as Berkshire continues to refuse to provide plaintiff monthly benefits under policy Z0148340.

MICHAEL J. KNAPP
ATTORNEY AT LAW
621 SW MORRISON STREET, SUITE 900
PORTLAND, OREGON 97205
(503)222-6508 ● FAX (503) 222-6518 ● mknapp@spiretech.com

30.

Plaintiff has been forced to hire attorneys to contest Berkshire's decision to terminate his disability benefits, and to pursue this insurance coverage lawsuit. As a result, plaintiff is entitled to an award of his attorney fees on this claim pursuant to ORS 742.061.

31.

Plaintiff is also entitled to an award of prejudgment interest on this claim pursuant to ORS 82.010.

### III.    SECOND CLAIM FOR RELIEF
### Breach of Implied Covenant of Good Faith and Fair Dealing

32.

Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, above.

33.

The Berkshire policies include an implied covenant of good faith and fair dealing. This covenant requires Berkshire to effectuate plaintiff's reasonable expectation of coverage during any review by Berkshire of plaintiff's entitlement to receive disability benefits under the terms of the Berkshire policies.

34.

Berkshire breached this covenant of good faith and fair dealing when it conducted a biased, one sided and incomplete review of plaintiff's entitlement to ongoing coverage under the Berkshire policies after November 2013. Berkshire did so with a goal of limiting its financial exposure to plaintiff's claim.

35.

As a result of Berkshire's breach of the covenant of good faith and fair dealing, plaintiff has suffered monetary damages as described in paragraphs 24 through 29, above.

36.

Plaintiff is entitled to an award of attorney fees on this claim pursuant to ORS 742.061.

Page 6 -       COMPLAINT - Breach of Insurance Contract, Breach of Duty of Good Faith and Fair Dealing, and Request for Declaratory Relief

MICHAEL J. KNAPP
ATTORNEY AT LAW
621 SW MORRISON STREET, SUITE 900
PORTLAND, OREGON 97205
(503)222-6508 ● FAX (503) 222-6518 ● mknapp@spiretech.com

37.

Plaintiff is entitled to an award of prejudgment interest on this claim pursuant to ORS 20.010.

### IV.    THIRD CLAIM FOR RELIEF
#### Plaintiff's Request for Declaratory Relief

38.

Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 19, above.

39.

Plaintiff is entitled to a judicial declaration by the court that (a) plaintiff has been entitled to receive monthly disability benefits from Berkshire since November 2013, and (b) plaintiff is entitled to continue to receive monthly disability benefits from Berkshire until he reaches age 65, as long as he remains disabled under the terms of the Berkshire policies.

### V.    REQUEST FOR JURY TRIAL

40.

Plaintiff requests a jury trial in this case.

WHEREFORE, plaintiff prays for:

A.    A judgment against Berkshire in the amount of $76,800, based on Berkshire's wrongful refusal to pay plaintiff monthly disability benefits under policy Z1743940 after November 2013.

B.    A judgment against Berkshire in the amount of $91,680, based on Berkshire's wrongful refusal to pay plaintiff monthly disability benefits under policy Z0148340 after November 2013.

C.    An additional judgment against Berkshire based on the amount of monthly benefits under policies Z174394 and Z0148340 that Berkshire withholds from

Page 7 -    COMPLAINT - Breach of Insurance Contract, Breach of Duty of Good Faith and Fair Dealing, and Request for Declaratory Relief

MICHAEL J. KNAPP
ATTORNEY AT LAW
621 SW MORRISON STREET, SUITE 900
PORTLAND, OREGON 97205
(503)222-6508 ● FAX (503) 222-6518 ● mknapp@spiretech.com

1      plaintiff between the filing of this lawsuit and the entry of judgment. The exact

2      amount of these damages will be proven at trial.

3    D.    The judicial declaration that plaintiff asked for in paragraph 39, above.

4    E.    Plaintiff's attorney fees, pursuant to ORS 742.061.

5    F.    Prejudgment interest on each of plaintiff's past due monthly disability benefits

6      pursuant to ORS 82.010.

7    E.    Such other relief that the Court deems just and proper.

8

9    DATED this 12th day of November, 2015.

10                 */s/ Michael J. Knapp*

11

12                Michael J. Knapp, OSB #833943

13                Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 8 -    COMPLAINT - Breach of Insurance Contract, Breach of Duty of Good Faith and Fair Dealing, and Request for Declaratory Relief

MICHAEL J. KNAPP
ATTORNEY AT LAW
621 SW MORRISON STREET, SUITE 900
PORTLAND, OREGON 97205
(503)222-6508 ● FAX (503) 222-6518 ● mknapp@spiretech.com

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF WASCO

JOHN BELKNAP,

        Plaintiff,

     vs.

BERKSHIRE LIFE INSURANCE COMPANY
OF AMERICA,

        Plaintiff.

_____/

Case No. **15CV30761**

CERTIFICATE OF SERVICE

FILED
WASCO COUNTY COURTS
2015 DEC -8 A 11: 26
TRIAL COURT ADMIN
BY _____

STATE OF OREGON
County of Marion      ss.

I, Julie Field, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Summons and Complaint*

CORPORATE SERVICE - Pursuant to ORCP7D(3)(b)(i):

Upon **BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**, by personal service upon Sharon Walls, the clerk on duty in the office of the registered agent, Corporation Service Company, 1127 Broadway ST NE, STE 310, Salem, Or 97301 on November 23, 2015 at 10:23 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this 28ᵀᴴ day of November 2015.

X _____
Julie Field
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636

*321724*

Verified Correct Copy of Original 12/17/2015.

Skip to Main Content Logout My Account Search Menu Search Civil, Family and Probate Case Records Refine Search Back Location : All Locations    Images Help

# REGISTER OF ACTIONS
## CASE NO. 15CV30761

| | | |
|---|---|---|
| **JOHN BELKNAP vs BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA** | § § § § § | Case Type: **Contract**<br>Date Filed: **11/12/2015**<br>Location: **Wasco** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Defendant | **BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA** | |
| Plaintiff | **BELKNAP, JOHN** | **MICHAEL J KNAPP**<br>*Retained*<br>503 222-6508(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 11/12/2015 | Complaint<br>Created: 11/13/2015 11:14 AM |
| 11/12/2015 | Service |

|  | Served | 11/23/2015 |
|---|---|---|
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA | Returned | 12/08/2015 |

Created: 11/13/2015 11:14 AM

| | |
|---|---|
| 12/08/2015 | Certificate<br>of Service by Corporate Service - Pursuant to ORCP 7D (3)(b)(i) via Personal Service to Sharon Walls Clerk on Duty in the Office of the Registered Agent; Served: November 23rd, 2015<br>Created: 12/17/2015 9:07 AM |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff BELKNAP, JOHN** | | | |
| Total Financial Assessment | | | 531.00 |
| Total Payments and Credits | | | 531.00 |
| **Balance Due as of 12/22/2015** | | | **0.00** |
| 11/13/2015 | Transaction Assessment | | 531.00 |
| 11/13/2015 | xWeb Accessed eFile | Receipt # 2015-1545395 | BELKNAP, JOHN | (531.00) |

**EXHIBIT A**
**Page 12 of 12**